UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-499 (DSD/SRN)

Oppenheimer Wolff & Donnelly, LLP, a Minnesota Limited Liability Partnership; Steven A. Wellvang, an individual,; Michael J. Bleck, an individual; Mark P. Wine, an individual,

Plaintiffs,

v.

**ORDER**

Vigilant Insurance Company, a New York corporation; Federal Insurance Company, an Indiana corporation; and Does 1-100, inclusive defendants,

Defendants.

Jeffrey J. Bouslog, Esq. and Oppenheimer, Wolff & Donnelly, 3400 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, counsel for plaintiffs.

Dale M. Wagner, Esq. and Bassford, Lockhart, Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on the plaintiffs' motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). On February 15, 2001, this court entered summary judgment in favor of plaintiffs, finding that defendant Vigilant had breached its duty to defend plaintiffs in an underlying tort action in California. The court ordered defendant to reimburse plaintiffs for all defense

MAR 30 2001
FILED ______________
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

costs, past, present and future and also to reimburse plaintiffs for its reasonable attorney fees in bringing this declaratory judgment action. [Doc. Nos. 27, 28]. Plaintiffs now inform the court that prior to the grant of summary judgment, they settled the underlying case in California for an amount that was less than the projected cost to defend the action through trial. They assert that the settlement amount constitutes additional damages of defendant's breach of its duty to defend, therefore they ask the court to vacate its judgment and allow them to try the issue of consequential damages resulting from defendant's breach of contract.

On March 16, 2001, the same day plaintiffs filed this motion for relief from judgment, defendants filed a notice of appeal with the Eighth Circuit Court of Appeals. [Doc. No. 31]. This notice of appeal effectively divests this court of jurisdiction to consider plaintiffs' Rule 60(b) motion. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996).[1] Even if the court did have jurisdiction to address the motion on the merits, the motion would likely be denied on the grounds that plaintiffs have obtained

[1] While Fed. R. App. P. 4(a)(4)(A) provides that certain types of motions may extend the time to appeal (and thereby continue the District Court's jurisdiction to decide the motion), plaintiffs' present motion is not such a motion. Specifically, under Rule 4(a)(4)(A)(vi), a Rule 60 motion must be filed within ten days after judgment is entered in order to continue jurisdiction in the district court.

from this court all the relief they sought in their complaint and summary judgment pleadings and have failed to demonstrate exceptional circumstances justifying further relief. For this reason, the court does not believe that a limited remand from the appellate court is necessary. See Boyko v. Anderson, 185 F.3d 672 (7th Cir. 1999) (remanding case based on district court's demonstrated intention to rule favorably for petitioner on his Rule 60(b) motion).

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion for relief from judgment [Doc. No. 29] is denied for lack of jurisdiction.

Dated: March 30, 2001

David S. Doty, Judge
United States District Court